IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAYLA B.,[1]                                   3:17-cv-01063-BR

        Plaintiff,                 OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.


MERRILL SCHNEIDER
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties. The same designation will be used to identify nongovernmental parties' family members if named in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2495

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Kayla B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for DIB and SSI benefits on April 9, 2013. Tr. 15.[2] Plaintiff alleges a disability onset date of July 7, 2012. Tr. 15. Plaintiff's

---

[2] Citations to the official transcript of record filed by the Commissioner on February 2, 2018, are referred to as "Tr."

2 - OPINION AND ORDER

applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on December 15, 2015. Tr. 15, 33-61. Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney at the hearing.

On February 5, 2016, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 15-27. On April 7, 2016, Plaintiff requested review by the Appeals Council. Tr. 201. On May 5, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On July 7, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

**BACKGROUND**

Plaintiff was born on August 17, 1987. Tr. 25. Plaintiff was twenty-four years old on the alleged disability onset date. Tr. 25. Plaintiff has at least a high-school education. Tr. 25. The ALJ found Plaintiff has past relevant work experience as a daycare worker and dietary aide. Tr. 25.

Plaintiff alleges disability due to a congenital deformity of her right hand. Tr. 324. Plaintiff also alleges she is

limited by anxiety and depression. Tr. 343.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-25.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial

gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p,

at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in

substantial gainful activity since July 7, 2012, Plaintiff's alleged disability onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of a congenital deformity of her right hand, peripheral neuropathy in her left hand, and anxiety disorder. Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 18. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: lifting and/or carrying up to 20 pounds occasionally and less than ten pounds frequently; standing and/or walking up to six hours in an eight-hour workday; and sitting up to six hours in an eight-hour workday. The ALJ found Plaintiff can occasionally handle and finger with her left hand, but she cannot handle, finger, or feel with her right hand. The ALJ also found Plaintiff cannot crawl or climb ladders, ropes, and scaffolds. The ALJ found Plaintiff can tolerate occasional superficial contact with the public in "uncongested" environments. Tr. 19-20.

At Step Four the ALJ concluded Plaintiff is not able to perform her past relevant work. Tr. 25.

At Step Five the ALJ found Plaintiff can perform the occupation of surveillance systems monitor that exists in

significant numbers in the national economy. Tr. 26. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 27.

**DISCUSSION**

Plaintiff contends the ALJ erred at Step Five when he concluded the surveillance systems monitor job exists in significant numbers in the national economy. Plaintiff argues the ALJ failed to consider evidence she submitted after the hearing that showed the surveillance systems monitor job does not exist in significant numbers.

The Commissioner, in turn, contends the ALJ's decision regarding surveillance systems monitor jobs is supported by substantial evidence in the record and the ALJ properly rejected the evidence submitted by Plaintiff after the hearing.

### I. The ALJ's finding was supported by substantial evidence in the record.

The VE testified at the hearing that Plaintiff could perform the job of surveillance systems monitor based on Plaintiff's limitations identified in her RFC. Tr. 56. The VE also testified there are 29,219 positions for this occupation in the national economy and 365 positions locally. Tr. 57. Based on this evidence, the ALJ concluded Plaintiff could perform other jobs that exist in significant numbers and, therefore, is not disabled. Tr. 26-27.

A.  **The Law**

At Step Five the burden of proof shifts to the Commissioner to "identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [her] limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). *See also* 20 C.F.R. §§ 404.1520(g), 416.920(g); 20 C.F.R. §§ 404.1566, 416.966. The ALJ must consider the Dictionary of Occupational Titles (DOT) and the "vocational factors" of a plaintiff's age, education, and work experience when he determines whether the claimant can perform certain jobs. *Id.* "Work which exists in the national economy" means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

B.  **Analysis**

In this case the ALJ relied on the VE's testimony that there are over 29,000 surveillance systems monitor jobs in the national economy and over 300 such positions in the local economy. Tr. 56-57.

The Ninth Circuit has determined the mere existence of jobs available may not be sufficient to constitute a "significant number" of jobs at Step Five. For example, the Ninth Circuit concluded in *Beltran v. Astrue* that 135 surveillance systems monitor jobs in the region and 1,680 such jobs scattered across

10 - OPINION AND ORDER

several regions were not a "significant number" of jobs. 700 F.3d 386, 390-91 (9th Cir. 2012). The court, however, noted there is not a "bright-line rule" for what constitutes a "significant number" of jobs. *Id.* at 389. Contrary to Plaintiff's assertion, the *Beltran* court did not conclude there are not a significant number of surveillance systems monitor jobs generally. Based on the testimony at that time, the court merely concluded the number of available jobs in the pertinent regions did not represent a "significant number" of jobs.

In *Gutierrez v. Commissioner of Social Security* the Ninth Circuit concluded 25,000 jobs available in the national economy is a significant number of jobs and meets the Commissioner's burden at Step Five. 740 F.3d 518, 528-29 (9th Cir. 2014).

Here, as noted, the VE testified over 29,000 surveillance systems monitor jobs exist in the national economy. The ALJ relied on the VE's testimony regarding the number of those jobs available; concluded those jobs exist in significant numbers; and determined Plaintiff, with her RFC, could perform those jobs despite her limitations. Thus, the ALJ concluded Plaintiff is not disabled. Accordingly, the Court concludes the ALJ's decision was supported by substantial evidence in the record.

## II. The ALJ properly rejected Plaintiff's later-submitted evidence.

Plaintiff contends the ALJ improperly discounted evidence that Plaintiff submitted after the hearing to show that surveillance systems monitor jobs do not exist in significant numbers.

Defendant, however, points out that Plaintiff failed to challenge the VE's testimony at the time of the hearing; Plaintiff waived any challenge to that testimony on appeal; and, therefore, the ALJ properly rejected such evidence.

### A. The Law

When a claimant is represented by counsel, she must raise all issues and evidence at the administrative hearing in order to preserve them on appeal. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108-09 (9th Cir. 2018).

In *Shaibi* a VE testified about the number that existed for three relevant jobs based on the plaintiff's limitations. The VE did not testify as to the basis for his estimates nor did the plaintiff cross-examine the VE regarding the accuracy of those estimates. The ALJ found the plaintiff was not disabled on the ground the plaintiff could perform other work that existed in significant numbers in the national economy. 883 F.3d at 1105. On review by the district court, the plaintiff challenged the reliability and evidentiary basis for the VE's testimony on which the ALJ relied. The district court affirmed the Commissioner's

12 - OPINION AND ORDER

determination. *Id.* On further appeal the Ninth Circuit held a claimant must challenge the evidentiary basis of a VE's testimony at the time of the administrative hearing in order to preserve the issue. The court stated: "We now hold that when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." 883 F.3d at 1109.

The court in *Shaibi* also cited with approval the holding in *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999). In *Meanel* the plaintiff challenged on appeal the VE's testimony regarding the number of surveillance systems monitor jobs that existed in the economy. The Ninth Circuit noted that "appellants must raise issues at their administrative hearings in order to preserve them on appeal." *Id.* at 1115.

**B. Analysis**

At the hearing Plaintiff did not challenge the VE's testimony regarding the number of surveillance systems monitor jobs that exist in the economy. Following the hearing, however, Plaintiff submitted: (1) transcripts from other proceedings in which vocational experts testified the surveillance systems monitor job no longer exists as described in the DOT; (2) a statement from the security director at Chinook Winds Casino in 2007 that the job is not performed as described in the DOT; and

(3) an affidavit from a vocational consultant who stated even if the job exists, it does not exist in significant numbers. Tr. 301-19.

The ALJ considered this information and rejected it on the grounds that (1) the transcripts from other hearings are outside the scope of the record in this case; (2) Plaintiff failed to challenge the VE's testimony at the hearing; (3) Plaintiff's arguments are contradictory in that she argues the job does not exist but even if it did exist, it would be performed at a light exertional level; and (4) there was not any evidence in the record regarding the qualifications of the persons who provided the subsequent information. Tr. 26-27.

The ALJ relied on evidence submitted by the VE at the hearing, the evidence was properly before the ALJ, and the evidence related to Plaintiff's claim. As noted, Plaintiff chose not to challenge the VE's testimony at the hearing and failed to give the VE an opportunity to support her testimony in the face of a such a challenge.

Although Plaintiff contends she is required to submit all evidence related to her claim (20 C.F.R. §§ 404.1512(a) and 416.912(a)), the rule does not require Plaintiff to submit unsupported evidence from other cases that addressed similar legal issues.

On this record the Court concludes the ALJ did not err

because the ALJ's decision was supported by substantial evidence in the record and Plaintiff waived her right to challenge the VE's testimony by failing to raise the issue and to cross-examine the VE at the hearing.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 31st day of July, 2018.

_____
ANNA J. BROWN
United States Senior District Judge